UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRYMAN,<br><br>             Plaintiff,<br><br>     v.<br><br>DUFFY, et al.,<br><br>             Defendants. | No. 2:14-cv-2967-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A |

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] He has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. He has also filed a request for appointment of counsel, a request for injunctive relief, and no fewer than six requests to amend, consolidate, or otherwise "correct" his complaint.

**I.     Request to Proceed In Forma Pauperis**

    Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

## II. Request for Appointment of Counsel

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

## III. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements

2

a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## IV.   Screening Order

Plaintiff has filed the following documents with the court: (1) an original complaint, ECF No. 1; (2) a "request to correct punitive and nominal damages," ECF No. 4; (3) a "petition to rename defendants if needed," ECF No. 5; (3) a "request to consolidate all three claims," ECF No. 6; (4) an "amended complaint," ECF No. 10; (5) a "request to consolidate all into one complaint," ECF No. 21; (6) a "request to consolidate" two documents, ECF No. 23; and (7) a "request to consolidate all into one complaint," ECF No. 24. It appears from these filings that plaintiff wishes to amend or add to his complaint in a piecemeal fashion through separate filings. This, however, is not the proper procedure for amending a complaint.

The complaint may not be amended in a piecemeal fashion by filing separate documents that are intended to be read together as a single complaint. If plaintiff wants to add, omit, claims or defendants, or correct or add information or factual allegations in the operative complaint, he must file an entirely new amended complaint that is complete within itself. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). Plaintiff's complaint (and the intended amendments thereto) is therefore dismissed with leave to amend in accordance with the requirements set forth in this order.

When a plaintiff is allowed to amend his complaint, he must write or type the amended complaint so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. That is, plaintiff must file a single amended complaint that includes all information relevant to his claim(s).

Any amended complaint shall clearly set forth the claims and allegations against each defendant, and must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Any amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

Plaintiff is cautioned that he not join unrelated claims against different defendants in a single complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation

/////

Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George*, 507 F.3d at 607.

Although plaintiff's allegations are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), plaintiff is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (procedural requirements apply to all litigants, including prisoners lacking access to counsel); L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").

## V. Request for Injunctive Relief

As discussed above, plaintiff's complaint will be dismissed with leave to amend. As there is no operative complaint, plaintiff has no likelihood of success on the merits of any claim, and there are no defendants against whom this court could enter an order. If plaintiff files an amended complaint that states a cognizable claim, the court will order the United States Marshal to serve the amended complaint upon the named defendant(s). *See Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Accordingly, the court recommends that plaintiff's motion for a preliminary injunction be denied as premature.

## VI. Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF Nos. 2, 15, 27) is granted. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

2. The complaint (and intended amendments thereto) is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint." Failure to comply with this order may result in

1 this action being dismissed for failure to prosecute. If plaintiff files an amended complaint stating
2 a cognizable claim, the court will proceed with service of process by the United States Marshal.
3     3.    Plaintiff's requests for appointment of counsel (ECF Nos. 3, 12) are denied.
4     4.    Plaintiff's request for injunctive relief (ECF No. 13) is denied as premature.
5 Dated: September 10, 2015.

       EDMUND F. BRENNAN
       UNITED STATES MAGISTRATE JUDGE