UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PERRYMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DUFFY, et al.,<br><br>　　　　　Defendants. | No. 2:14-cv-2967-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] On September 11, 2015, the court dismissed plaintiff's complaint with leave to amend within 30 days. ECF No. 28. Plaintiff subsequently requested, and the court granted, two requests for extensions of time. ECF Nos. 31, 33. The time for acting has passed and plaintiff has not filed an amended complaint. Instead, plaintiff has requested the appointment of a guardian ad litem. ECF No. 35.

Pursuant to Rule 17(c)(2) of the Federal Rule of Civil Procedure, courts are required to "appoint a guardian ad litem--or issue another appropriate order--to protect . . . [an] incompetent person who is unrepresented in an action." Without counsel, however, a plaintiff may not proceed through a guardian ad litem. *See Johns v. County of San Diego*, 114 F. 3d 874, 877 (9th

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1  Cir. 1997) ("It goes without saying that it is not in the interest of minors or incompetents that they
2  be represented by non-attorneys."). District courts lack authority to require counsel to represent
3  indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298
4  (1989). In exceptional circumstances, the court may request an attorney to voluntarily to
5  represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017
6  (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When
7  determining whether "exceptional circumstances" exist, the court must consider the likelihood of
8  success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of
9  the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).
10 Having considered those factors, the court finds there are no exceptional circumstances in this
11 case. Because the court is unwilling to appoint counsel, no guardian ad litem may be appointed in
12 this case.
13      Accordingly, plaintiff's request for the appointment of a guardian ad litem (ECF No. 35)
14 is denied. Within 30 days, plaintiff shall file an amended complaint in accordance with the
15 court's September 11, 2015 order. Failure to do so may result in dismissal of this action.
16      So ordered.
17 DATED: April 12, 2016.
         EDMUND F. BRENNAN
         UNITED STATES MAGISTRATE JUDGE